# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-0798V

|  |  |
|---|---|
| ALFRED ENGLERT, JR, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: January 8, 2025 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, Washington, DC, for Petitioner.

*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On June 1, 2023, Alfred Englert, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he developed Guillain-Barré syndrome as a result of an influenza vaccine that was administered on October 11, 2021. Petition, ECF No. 1. On May 31, 2024, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $74,524.66 (representing $71,442.50 in fees plus $3,082.16 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 5, 2024, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that he incurred $51.09 in personal out-of-pocket expenses. ECF No. 39-4.

Respondent reacted to the motion on July 8, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 40. Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF No. 41.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys Alison Haskins, Catherine Costigan, Diana Stadelnikas, and paralegals through the end of 2024 are reasonable and consistent with prior determinations and shall also be adopted herein. However, the 2022 proposed hourly rate ($520.00), for attorney Altom Maglio, requires further evaluation and adjustment.

Mr. Maglio has been a licensed attorney since 1996, placing him in the category of attorneys with 20 - 30 years' experience as set forth on the OSM Attorneys' Forum Hourly Rate Fee Schedules.[3] As such, Mr. Maglio is eligible for hourly rates between $427 - $507 for work performed in 2022.

However, his proposed rate exceeds the Forum range for that year, resulting in a disproportionate increase. Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys, and in light of Mr. Maglio's extensive experience representing Petitioners in the Program, **I find it reasonable to award Mr. Maglio the rate of $505.00 for his time billed in 2022. Application of the foregoing results in a reduction of $4.50.**[4]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 39-3 and ECF No. 39-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## <u>CONCLUSION</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $74,571.25 (representing $74,520.16 in attorneys' fees and costs plus $51.09 representing Petitioner's personally incurred costs) to be paid**

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] This amount is calculated as: ($520 - $505 = $15 x 0.30 hrs. = $4.50).

**through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.